SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 12 2019
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CASABLANCA CONSTRUCTION, INC.                                          PLAINTIFF

VS.                                          CIVIL ACTION NO. 1:19cv237 HSO-JCG

COAST TRANSIT AUTHORITY;
GULF REGIONAL PLANNING COMMISSION;
HANCOCK WHITNEY BANK;
MISSISSIPPI DEPARTMENT OF TRANSPORTATION;
UNITED STATES DEPARTMENT OF TRANSPORTATION; and
John Does 1-10                                                         DEFENDANTS

## COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW Plaintiff, Casablanca Construction, Inc., and hereby files this, its Complaint against Coast Transit Authority, Gulf Regional Planning Commission, Hancock Whitney Bank, Mississippi Department of Transportation and United States Department of Transportation, and in support thereof would show unto the Court as follows:

### PARTIES

1.

The Plaintiff Casablanca Construction, Inc., ("Casablanca") is a corporate resident of the State of Mississippi, doing business at 9 Thomas Lane, Lamar County, Hattiesburg, Mississippi.

2.

Defendant Coast Transit Authority is governed by Defendant Gulf Regional Planning Commission. Either or both are agencies of the State of Mississippi. Coast Transit Authority ("CTA") provides public transportation services in Jackson, Harrison, and Hancock Counties, Mississippi, having its principal place of business at 333 DeBuys Road, Gulfport, Mississippi.

1

CTA may be served with process upon its Director, Kevin Coggin, at 333 DeBuys Road, Gulfport, Mississippi 39507 and/or the Executive Director of Gulf Coast Planning Commission, Paul Gavin, at 1635 Popps Ferry Rd., Biloxi, MS 39532 and/or the Director of the Public Transit Division of the Mississippi Department of Transportation, Shirley Wilson, at 401 N. West St., Jackson, MS 39201 and/or the Attorney General of State of Mississippi, Jim Hood, at 555 High St., Jackson, MS 39201.

**3.**

Defendant Gulf Regional Planning Commission ("GRPC") is a Mississippi state planning agency and exercises authority over CTA. Coast Transit Authority provides planning support to cities and counties along the Mississippi Gulf Coast and maintains its principal place of business at 1635 Popps Ferry Rd., Biloxi, MS 39532. GRPC may be served with process upon its Executive Director, Paul Gavin, at 1635 Popps Ferry Rd., Biloxi, MS 39532 and/or the Director of the Public Transit Division of the Mississippi Department of Transportation, Shirley Wilson, at 401 N. West St., Jackson, MS 39201 and/or the Attorney General of State of Mississippi, Jim Hood, at 555 High St., Jackson, MS 39201.

**4.**

Defendant Mississippi Department of Transportation ("MDOT") is a department of the State of Mississippi which provides public transportation services through agents including GRPC and/or CTA. The Mississippi Department of Transportation may be served with process on the Director of the Public Transit Division of the Mississippi Department of Transportation, Shirley Wilson, at 401 N. West St., Jackson, MS 39201 and/or the Attorney General of the State if Mississippi Jim Hood, at 555 High St., Jackson, MS 39201.

**5.**

Defendant United States Department of Transportation is a department of the United States government which, with CTA, is the owner of a project to construct the CTA Rodenburg Avenue Beach Comfort Station in Biloxi, Mississippi ("FDOT"). The United States Department of Transportation may be served with process by mail on the US Attorney General, William P. Barr, US Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-000; the US Attorney General of the Southern District of Mississippi, D. Michael Hurst, Jr., United States Attorney Office, 1575 20th Avenue, 2nd Floor, Gulfport, MS 39501; the Attorney General of the State if Mississippi Jim Hood, at 555 High St., Jackson, MS 39201 and by mail upon the Secretary of the United States Department of Transportation, Elaine L. Chao, at 1200 New Jersey Ave. S.E., Washington, DC 20590.

**6.**

Defendant Hancock Whitney Bank is a Mississippi Corporation having its principal place of business at 2510 14th St., Gulfport, MS 39501 ("HWB"). Hancock Whitney Bank, having no registered agent for service of process according to the business records office of the Mississippi Secretary of State, may be served with process upon its Chief Executive Officer, John M. Hairston or Keith Williams, at 2510 14th St., Gulfport, MS 39501.

**7.**

John Doe Defendants 1-10 are unknown persons and/or entities, and/or principals, who may have committed, and/or be liable for, the breaches as set forth herein, whose identities are not able to be determined at this time after diligent search.

## JURISDICTION AND VENUE

**8.**

This action is filed as a result of non-payment of funds due to the Plaintiff, said refusal to remit payment having occurred in Gulfport, Harrison County, Mississippi, an agency of the United States of America is a named Defendant. Therefore, this Court has jurisdiction and venue is proper.

## FACTS

**9.**

In 2012, CTA FDOT entered into a contract with Casablanca for the construction of a project called the Rodenburg Avenue Beach Comfort Station in Biloxi, Mississippi. CTA tendered periodic payments to Casablanca. (Contract, attached as Exhibit "A"). Due to delays in the project caused by a metal fabrication subcontractor (See, *Gecko Outdoor Products Corp. v. Casablanca Construction, Inc.*, 250 So.3d 508 (Miss. Ct. App. 2018)), CTA withheld $197,865 from the contract price in liquidated damages.

**10.**

Casablanca completed the project after hiring a separate metal fabrication subcontractor, and CTA tendered its final payment under the contract to Casablanca, excluding the amount withheld in liquidated damages, on July 17, 2014, in the amount of $40,115.15. There was no expiration date on the check. (Coast Transit Authority check #104624, attached as Exhibit "B").

**11.**

With the cause against the subcontractor under way, counsel for Casablanca advised Casablanca not to cash the check. At that point, Casablanca filed the check in its records at the office.

**12.**

The case against the subcontractor went to trial in early 2016, and a verdict was entered in favor of Casablanca. The subcontractor appealed, and a final decision was not rendered until June 26, 2018. Collection efforts have proven fruitless against the subcontractor who eventually filed for bankruptcy, leaving Casablanca at a loss on the project in the amount of approximately $400,000.00, which included the $197,865 amount for liquidated damages.

**13.**

Afterward, Casablanca was storing old files and discovered the check from CTA from 2014. Noting that there was no expiration date on the check, on or before January 24, 2019, Casablanca presented the check to its bank, Trustmark, for deposit.

**14.**

Trustmark sent the check to Defendant HWB, which refused to honor the check. A copy of the check was returned to Trustmark on or about January 29, 2019, with an annotation that the check was "stale." (Exhibit "B").

**15.**

Subsequently, counsel undersigned first contacted CTA requesting either that a new check be issued or that it direct HWB to honor the existing check. CTA refused, arguing that it still has the liquidated damages amount set aside in trust.

**16.**

Counsel undersigned then contacted HWB requesting that it honor the check. HWB responded stating that CTA had directed it not to pay the check. HWB stated that "it should be no problem to request a replacement check." (Letter from Darryl Hebert, attached as Exhibit "C").

**17.**

On or about March 1, 2019, CTA was again contacted, this time in writing, with the request to issue a replacement check. CTA has not responded to the written request.

## CAUSES OF ACTION

**18.**

Plaintiff restates and realleges the foregoing paragraphs as if set forth fully herein.

**19.**

CTA, GRPC, MDOT and/or FDOT remain liable for the undisputed amount owing under the contract, represented by the amount tendered pursuant to check #104624. Further, CTA's failure to direct that HWB honor the check, knowing that it and FDOT and/or GRPC and/or MDOT were liable for the amount tendered therein, constitutes an act of bad faith for which the imposition of punitive damages should be awarded. CTA again acted in bad faith by failing to issue a replacement check, especially when such was suggested by HWB.

**20.**

The acts and omissions of CTA are imputed to GRPC, MDOT and/or FDOT.

**21.**

HWB owed a duty to exercise reasonable care foreseeable Plaintiffs including those presenting checks for payment from its customers, including CTA. HWB failed to exercise reasonable care in the following particulars:

a. Failure to include a notice on check #104624 that that the subject check would not be honored if presented for payment more than six months after it was signed by the maker; and

b. Failure to act in good faith and honor the subject check when it was apparent that the check was being presented by the intended recipient and that funds were available in CTA's account to cover the check.

HWB's failures as enumerated herein have caused Casablanca to sustain damages.

## DAMAGES

**22.**

Plaintiff restates and realleges the foregoing paragraphs as if set forth fully herein.

**23.**

Plaintiff is entitled to an award in the amount of $40,115.15, plus interest as allowed by law from on or about January 24, 2019, plus attorney's fees and costs as allowed by law. In addition, Plaintiff is entitled to an award for punitive damages in an amount not less than half the amount CTA is holding in trust, said amount having been withheld as liquidated damages under the Contract.

WHEREFORE, Plaintiff prays that this Complaint be received and filed and that after due proceedings, including trial by jury, there be judgment herein in favor of Plaintiff, Casablanca Construction, Inc. and against the Defendants named herein, jointly and severally, in the amount of $40,115.15, plus interest as allowed by law from on or about January 24, 2019, plus attorney's fees and costs as allowed by law, and punitive damages in an amount not less than $98,932.50.

RESPECTFULLY SUBMITTED this 11th day of April 2019.

                                                  **CASABLANCA CONSTRUCTION, INC., Plaintiff**

BY: _____
      ROBIN E. BLACKLEDGE BLAIR
      (MSB # 10808)
      *Attorney for Plaintiff*

BLAIR LAW OFFICE
P.O. Box 1531
Hattiesburg, MS 39403
TELEPHONE (601) 336-9260
FAX: (601) 336-9247
E-MAIL: rblair@rebblaw.com