IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| CASABLANCA CONTRUCTION, INC. | PLAINTIFF |
| v. | Civil No. 1:19cv237-HSO-JCG |
| COAST TRANSIT AUTHORITY, *et al.* | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT FEDERAL EMERGENCY MANAGEMENT AGENCY'S MOTION [32] TO DISMISS AND DISMISSING PLAINTIFF'S CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**

BEFORE THE COURT is Defendant Federal Emergency Management Agency's Motion [32] to Dismiss. This suit arises out of a contractual dispute between Plaintiff Casablanca Construction, Inc. and Defendant Coast Transit Authority. Defendant Federal Emergency Management Agency seeks dismissal of Plaintiff's claims against it, asserting that it is entitled to sovereign immunity. Having considered the parties' submissions, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion [32] to Dismiss should be granted, and that because this Court otherwise lacks subject-matter jurisdiction, this case should be dismissed without prejudice.

I. BACKGROUND

In 2012, Plaintiff Casablanca Construction, Inc. ("Casablanca") entered into a contract with Coast Transit Authority ("CTA") to construct the Rodenburg Avenue Beach Comfort Station in Biloxi, Mississippi ("the Project"). Am. Compl. [5] at 5.

The contract stated that it was an agreement between Casablanca and "Coast Transit Authority, U.S. Dept. of Transportation." Pl. Ex. A [5-1] at 1. A metal fabrication subcontractor caused delays in completing the Project, Am. Compl. [5] at 5, and as a result, CTA withheld $197,865.00 in liquated damages from the contract price and tendered a final payment check in the amount of $40,115.15 to Casablanca on July 17, 2016, *id*. The check was not marked with an expiration date. *Id*.

Casablanca alleges that because it was pursuing separate litigation against the metal fabrication subcontractor, its counsel advised it not to cash CTA's check. *Id*. Casablanca followed this instruction and placed the check in its files. *Id*. Two and a half years later, in January 2019, Casablanca discovered the check and attempted to deposit it. *Id*. at 6. Defendant Hancock Whitney Bank ("HWB") refused to honor the check on grounds that it was "stale." *Id*. Casablanca then contacted Defendant Kevin Coggin ("Mr. Coggin"), CTA's Director, and requested that he either issue a new check or direct HWB to honor the existing check. *Id*. Mr. Coggin refused. *Id*.

Casablanca filed this lawsuit on April 12, 2019, against Defendants CTA, HWB, Gulf Regional Planning Commission, Mississippi Department of Transportation, and United States Department of Transportation, alleging common-law breach of contract and tort claims and seeking payment of the $40,115.15 check plus interest, attorneys' fees, and punitive damages. *See* Compl. [1]. The only ground asserted by Casablanca for invoking the Court's subject-

2

matter jurisdiction was that a United States agency was a defendant. *Id.* at 4; *see also* 28 U.S.C. § 1346. Casablanca filed an Amended Complaint on May 15, 2019, adding Defendants Federal Emergency Management Agency ("FEMA") and Mr. Coggin. *See* Am. Compl. [5]. Again, the only jurisdictional basis cited in the Amended Complaint [5] is the presence of two United States agencies as defendants. *Id.* at 4; 28 U.S.C. § 1346. Defendants Gulf Regional Planning Commission, HWB, Mississippi Department of Transportation, and United States Department of Transportation have since been dismissed. *See* Notice of Voluntary Dismissal [13]; Agreed Order of Dismissal [14]; Agreed Order of Dismissal [31]; Stipulation of Dismissal [39]. FEMA, Mr. Coggin, and CTA are the only remaining Defendants.

FEMA has filed the instant Motion [32] to Dismiss seeking dismissal of all of Casablanca's claims under Federal Rule of Civil Procedure 12(b)(1).[1] FEMA asserts that Casablanca's claims are barred by the doctrine of sovereign immunity because it was not a party to the contract and had no contractional relationship with Casablanca. In the alternative, FEMA argues that even if the claims are not barred, jurisdiction over this dispute rests exclusively with the United States Court of Federal Claims. Def. Mem. [33] at 5-8. Casablanca responds that FEMA waived its sovereign immunity when it entered into the contract. Resp. [45] at 2-3. However, it agrees that the Court of Federal Claims has exclusive jurisdiction over

---

[1] FEMA originally sought dismissal under both Rule 12(b)(1) and Rule 12(b)(5). Def. Mem. [33] at 1. However, it later withdrew its Rule 12(b)(5) argument after Casablanca filed proof of service. Doc. [36]; Reply [48] at 1.

3

this case if its claims are not barred. *Id.* at 3-4. Casablanca contends that the proper remedy is not for the Court to dismiss the suit but to transfer it to the Court of Federal Claims. *Id.*

## II.  DISCUSSION

A.  Defendant FEMA's sovereign immunity

FEMA contends that the doctrine of sovereign immunity precludes Casablanca's claims against it because FEMA was not a party to a contract with Casablanaca such that this Court lacks federal subject-matter jurisdiction. Def. Mem. [33] at 5. Under Federal Rule of Civil Procedure 12(b)(1), dismissal for lack of subject-matter jurisdiction is proper where a "court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss [and] must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). In determining whether subject-matter jurisdiction exists, the Court may base its decision on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dep't of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (internal quotations omitted).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). A waiver of sovereign immunity must be "unequivocally expressed in statutory text . .

. and will not be implied." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007) (internal citations omitted); *see also Rolland v. U.S. Dep't of Veterans Affairs*, 146 F. App'x 743, 745 (5th Cir. 2005) ("Sovereign immunity is waived by clear and unequivocal statutory language.").

Under the Tucker Act, 28 U.S.C. § 1491, sovereign immunity has been waived for, and the Court of Federal Claims has exclusive jurisdiction over, breach of contract claims against the federal government which exceed $10,000.00. *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999); *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . ."). Because Casablanca's claim in this case exceeds $10,000.00, FEMA argues that in the event the Court finds that there is no sovereign immunity, the case is only properly brought in the Court of Federal Claims.

Casablanca asserts that FEMA waived its sovereign immunity when it entered into a contract with Casablanca that contained a dispute resolution provision. Resp. [45] at 2. Casablanca concedes that FEMA is not identified as a party anywhere in the contract, but argues that this was a "scrivener's error." *Id.* at 3. According to Plaintiff, the Owner on the contract should have been identified as "Coast Transit Authority, Federal Emergency Management Agency" instead of "Coast Transit Authority, U.S. Department of Transportation."[2] *Id.* at 4. To

---

[2] Both parties agree that the U.S. Department of Transportation was not a party to the contract. *See* Def. Mem. [33] at 2; Resp. [45] at 3; Stipulation of Dismissal [39].

5

support this argument, Casablanca has submitted an email from Mr. Coggin's counsel claiming that the U.S. Department of Transportation was erroneously identified in the contract as the Owner. Pl. Ex. C [45-3]. Casablanca also relies upon an email from Mr. Coggin explaining that the Project "was funded 100% by FEMA," Pl. Ex. D [45-4], and an affidavit from the Executive Director of the Gulf Regional Planning Commission stating that FEMA funded the Project, Pl. Ex. E [45-5].

FEMA argues, and the Court agrees, that Casablanca has failed to show that a contract existed between Casablanca and FEMA. Reply [48] at 5. The contract in this case was signed by Mr. Coggin and it identifies him as the Executive Director of Coast Transit Authority and a representative of the Owner of the Project. Pl. Ex. A [5-1] at 5, 7. FEMA is not mentioned anywhere in the agreement. *See* Pl. Ex. A [5-1]. Even considering Plaintiff's evidence that FEMA funded the Project, there is no indication in the record that Mr. Coggin was representing FEMA and acting on its behalf when he entered into the contract with Casablanca. As such, Casablanca has not demonstrated by a preponderance of the evidence that it entered into a contractual relationship with FEMA. *See Park Props. Assocs., L.P. v. United States*, 916 F.3d 998, 1002 (Fed. Cir. 2019) ("Where the government contracts indirectly with a plaintiff, [the Court of Federal Claims has] held that there is generally no privity."); *see also Atena Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1052 (Ct. Cl. 1981) (finding no implied contract between the United States and construction company when company entered into a contract with the owner of a housing project

despite the housing project being funded by the Department of Housing and Urban Development).

Because FEMA is not a party to the contract in this case and there has been no showing of privity, Casablanca cannot show that FEMA waived its sovereign immunity from suit. The Court therefore lacks subject-matter jurisdiction over Plaintiff's claims against FEMA, and these claims should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).[3]

B.  Plaintiff's claims against CTA and Mr. Coggin

CTA and Mr. Coggin have also filed Motions [19] [40] to Dismiss, seeking dismissal of the claims against them. It is undisputed that diversity of citizenship does not exist between Casablanca, CTA, and Mr. Coggin. Am. Compl. [5] at 2; Resp. [23] at 4. Nor does a federal question appear on the face of either the Complaint [1] or the Amended Complaint [5]. Indeed, Casablanca's sole basis for invoking the Court's jurisdiction was the presence of a federal defendant under 28 U.S.C. § 1346. Am. Compl. [5] at 4.

Courts are required to examine the basis of their jurisdiction at every stage of the litigation, *Enochs v. Lampasas Cty*, 641 F.3d 155, 161 (5th Cir. 2011), whether raised by the parties or *sua sponte*, *Howery v. Allstate Ins. Co.* 243 F.3d 912, 919 (5th Cir. 2001). In its Amended Complaint [5] Casablanca brought common law tort

---

[3] Casablanca asserts that the Court should not dismiss its claims against FEMA but, rather, transfer them to the Court of Federal Claims, which would have jurisdiction under the Tucker Act. Resp. [45] at 4. However, the Court is of the opinion that because a contractual relationship did not exist between Casablanca and FEMA, a transfer to the Court of Federal Claims would not be appropriate. *See United States v. Harper*, No. 1:13cv248, 2014 WL 12639938 at *7 (S.D. Miss. Sept. 9, 2014) (declining to transfer venue to the Court of Federal claims where there was no statutory basis to do so).

7

and breach of contract claims against CTA and Mr. Coggin.  Am. Compl. [5] at 7.  There is no federal question presented on the face of the pleadings, and there can be no dispute that diversity jurisdiction is lacking.  Since the Court never had jurisdiction over FEMA, it likewise lacked original federal subject-matter jurisdiction over the remainder of the case.

Nor does the Court possess supplemental jurisdiction over Casablanca's claims against the remaining Defendants.  S*ee* 28 U.S.C. § 1367.  Because the Court never had original subject-matter jurisdiction over Casablanca's claims against FEMA at the time this case was filed, it cannot exercise supplemental jurisdiction over Casablanca's other claims against the remaining Defendants.  *See Avitts v. Amoco Production Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (finding that the supplemental jurisdiction statute does not apply where district court never had original jurisdiction over any of the claims asserted).  As such, Casablanca's remaining claims must be dismissed without prejudice for lack of federal subject-matter jurisdiction.[4]

III.  CONCLUSION

Because Defendant FEMA has shown that the Court lacks subject-matter jurisdiction over Plaintiff Casablanca's claims against it, it is entitled to dismissal of these claims under Federal Rule of Civil Procedure 12(b)(1).  In addition, the Court finds that it lacks federal subject-matter jurisdiction over Plaintiff Casablanca's claims against Defendants CTA and Mr. Coggin.  To the extent the Court has not

---

[4] Because the Court lacks jurisdiction over Casablanca's claims against CTA and Mr. Coggin, it will not consider the merits of those Defendants' respective Motions [19] [40] to Dismiss.

8

specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Federal Emergency Management Agency's Motion [32] to Dismiss is **GRANTED**, and the claims raised by Plaintiff Casablanca Construction, Inc. against Defendant Federal Emergency Management Agency are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADGJUDGED** that, Plaintiff Casablanca Construction, Inc.'s claims against Defendants Coast Transit Authority and Kevin Coggin are **DISMISSED WITHOUT PREJUDICE** for lack of federal subject-matter jurisdiction. The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 24th day of March, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE